United States District Court
Southern District of Ohio
Western Division

| | |
|---|---|
| Candice Baird, | Case No. 1:16cv759 |
| Plaintiff, | Judge Susan J. Dlott |
| v. | Mag. Judge Stephanie K. Bowman |
| Hamilton County Department of Job And Family Services, et al. | |
| Defendants. | |

ORDER

This matter is before the Court pursuant to Defendants' motion to file certain depositions and exhibits thereto under seal. (Doc. 15). The Court has been informed, via email to chambers, that Plaintiff does not oppose this motion. Defendants argue that filing said depositions, declarations and exhibits without such an order to file under seal will violate confidentiality provisions set forth by an Ohio state statue, which includes criminal penalties if violated, and would reveal personal and confidential information. See Administrative Code 5101.12-1-2. Defendants assert the following:

> Ms. Baird was subject to formal discipline regarding her decision-making both in her supervisory capacity of caseworkers, which is subject to Ohio's mandate of confidentiality, and for her violation of HCJFS policies. Further, the telephone call to 241-KIDS is also under Ohio's mandate of confidentiality. At the depositions of Ms. Baird, Jennie Cole, Chris Biersack, and Mary Eck, multiple questions arose regarding: (a) Ms. Baird's employment at and termination from HCJFS; (b) use of the State of Ohio's SACWIS database; (c) Ms. Baird's minor granddaughter; (d) a Hamilton County Juvenile Court custody hearing; and (e) multiple Hamilton County Probate Court commitment cases. Specifically offered into evidence were multiple exhibits, which include numerous documents in which personal and confidential information relating social services is revealed. Examples are the identification and reports of the minor child within social services, references to the psychological/psychiatric diagnoses of Ms. Baird's son, and other personal

information such as civil commitment and substance abuse assessments. The persons whose information is set forth are not parties to this action.

*Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir.2016) provides that a Court has an "obligation to explain the basis for sealing court records" and before doing so must "justify nondisclosure to the public" by setting forth "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary…".  The reasons for the motion to seal are adequately set forth in the Defendants' motion and restated above.  The identity and mental health services of minors and others not a party to this litigation compel the Court to find that sealing the requested documents is warranted.  The interest of the public in having access to Court records is not outweighed by the protection of the minors and other nonparty litigants in this case.  Finally, the request is not more broad than necessary since the Defendants will be required to file redacted documents.

Thus, it is hereby ORDERED that the following may be permitted to be filed under seal in their entirety with redacted versions to be filed within 45 days of the filings under seal:  (1) Deposition of Candice Baird – December 2017; (2) Deposition of Candice Baird – June 2018; (3) Deposition of Jennie Cole; (4) Deposition of Chris Biersack;  (5) Deposition of Mary Eck; (6)  accompanying exhibits to the above listed depositions; and (7), a recording of phone calls to 241-KIDS.

IT IS SO ORDERED.

s/Stephanie K. Bowman<br>
Stephanie K. Bowman<br>
United States Magistrate Judge